UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JOSEPH L. WATTS** | **CIVIL ACTION NO. 21-2011** |
| | |
| | **SECTION P** |
| VS. | |
| | **JUDGE S. MAURICE HICKS, JR.** |
| | |
| **LA INDIGENT DEFENDER BOARD, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Joseph L. Watts, a prisoner at Claiborne Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately June 21, 2021, under 42 U.S.C. § 1983. He names the following defendants: Louisiana Indigent Defender Board ("LIDB"), the Regional Director of the LIDB in his or her individual and official capacities, and Attorney Jeffery Sampson, Jr.[1] For reasons below, the Court should dismiss Plaintiff's claims.

## Background

On January 28, 2021, Plaintiff was arrested and then detained in Claiborne Parish Detention Center. [doc. # 5-1, p. 4]. Defendant Jeffery Sampson, Jr. ("Sampson"), was appointed to represent Plaintiff. *Id.* At Plaintiff's arraignment, Sampson informed him of the State's plea offer. *Id.* Plaintiff responded that he had "not even received a bill of information[,]" that there had been no investigation, and that he was not guilty. *Id.* Plaintiff claims that, thereafter, Sampson refused to answer Plaintiff's telephone calls or respond to his letters. *Id.*

Plaintiff alleges that on June 1, 2021, Sampson told him at a hearing that "if he did not

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

take what the D.A. offered that he would be multi-billed and given 30 years." *Id.*  Plaintiff responded that he was not guilty.  *Id.*  Plaintiff claims that Sampson then "got upset and threatened Plaintiff that if he didn't take the offer there was nothing more he, Jeffery Sampson, could do for him."  *Id.*  Plaintiff "took the offer out of fear."  *Id.*  He was "sentenced even though [he] never received his bill of information" or any "investigation into his case."  *Id.*  Plaintiff, overall, claims that Sampson rendered ineffective assistance.  [doc. # 16, p. 4].

Plaintiff claims that the LIDB and LIDB Regional Director did not respond to his letters, in which he complained of Sampson's alleged misconduct and threat.  [doc. # 5-1, p. 4].  He claims that the LIDB Regional Director failed to enforce the LIDB's rules.  [doc. # 16, p. 4].

Plaintiff asks the Court to declare that: (1) the LIDB Regional Director failed to investigate his complaints; (2) the LIDB Regional Director failed to enforce LIDB rules; (3) the LIDB's failure to investigate his complaints and take corrective action violated the Louisiana Constitution and the United States Constitution; and (4) Sampson rendered ineffective assistance of counsel at each stage of Plaintiff's criminal proceedings.  [doc. # 5-1, pp. 5-7].

Plaintiff asks the Court to order the LIDB and the LIDB Regional Director to effectively investigate all complaints against public defenders and to issue written investigation and disciplinary reports.  *Id.* at 7.  He also asks the Court to award: (1) $120,000.00 in compensation for his physical and emotional injuries; (2) $20,000.00 for his emotional injuries resulting from his alleged denial of due process; (3) compensation for his incarceration and lost possessions; and (4) $80,000.00 in punitive damages.  [doc. #s 5-1, p. 7; 16, p. 3].

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a

2

prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional

4

conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. LIDB

Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "State agencies . . . are not 'persons' within the meaning of the statute." *Lumpkins v. Off. of Cmty. Dev.*, 621 F. App'x 264, 268 (5th Cir. 2015) (*quoting Will*, 491 U.S. at 71)).

The LIDB—or more precisely, the Louisiana Public Defender Board—is a state agency. LA. REV. STAT. § 15:146(A). Thus, the LIDB is not a "person" under Section 1983.[3] The Court should dismiss Plaintiff's claims against the LIDB.[4]

## 3. Plaintiff's Public Defender

Plaintiff seeks relief from his public defender, Sampson. To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

---

[3] *See Lavergne v. Pub. Def. Fifteenth Jud. Dist. Ct.*, 2014 WL 931502, at *4 (W.D. La. Mar. 10, 2014), *aff'd sub nom. Lavergne v. Pub. Def. 15th Jud. Dist. Ct.*, 583 F. App'x 362 (5th Cir. 2014); *Ingram v. Louisiana Off. of Indigent Defs. Bd.*, 2013 WL 1637121, at *3 (E.D. La. Mar. 13, 2013), *report and recommendation adopted*, 2013 WL 1637062 (E.D. La. Apr. 16, 2013).

[4] "Moreover, even if it were amenable to suit under Section 1983, numerous courts have concluded that public defenders' offices are not state actors for purposes of Section 1983." *Lawrence v. Jefferson Par. Pub. Defs.*, 2021 WL 1733996, at *6 (E.D. La. May 3, 2021) (*citing Amir-Sharif v. Dallas Cnty. Pub. Defen. Office*, 233 Fed. Appx. 364 (5th Cir. 2007) (holding that Dallas County Public Defenders Office was not a state actor under Section 1983)); *Johnson v. Louisiana*, 2009 WL 1788545 (W.D. La. 2009)).

Attorney Sampson did not act under color of state law. *See Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (finding, where the plaintiff alleged that his counsel was ineffective "for allowing two fundamentally defective indictments to be prosecuted against him," that counsel was performing a lawyer's traditional function); *Amir-Sharif v. Dallas Cty. Pub. Defs. Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (finding, where a plaintiff was concerned with the "quality of legal assistance being provided to him by appointed counsel and the public defender[,]" that "the attorney defendants . . . are not state actors for § 1983 purposes."); *Linn v. Saitin*, 575 F. App'x 531, 532 (5th Cir. 2014) (affirming, where the plaintiff alleged that a public defender and her supervisor rendered ineffective assistance, that the defendants were not state actors).[5]

Plaintiff alleges that Sampson threatened him into pleading guilty. This allegation, however, does not render Sampson a state actor. *See Henderson v. Jasper Police Dep't*, 438 F. App'x 356, 357 (5th Cir. 2011) (finding, where the plaintiff alleged that her attorney "threatened her into pleading guilty[,]" that her claim was "without merit because she has not shown that he was an official state actor.").

The Court should dismiss Plaintiff's claims against Sampson.

---

[5] *See also O'Brien v. Colbath*, 465 F.2d 358 (5th Cir. 1972) (holding that the ineffective assistance of a public defender in a criminal case does not raise a claim cognizable under Section 1983 because no "state action" is involved and because Section 1983 was not intended as a "vehicle for prosecuting malpractice suits against court-appointed attorneys."); *U.S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) ("The court-appointed attorney, like any retained counsel, serves his client. He represents the client, not the state. The ancillary facts that the court has a hand in providing counsel, and that the attorney selection board in Orleans Parish obtains its authority from statute, do not alter the attorney-client relationship. That relationship is our concern here. Accordingly, the district court correctly disallowed any [Section] 1983 claim raised by Plaintiff-Appellant, since the situation presents no state action.").

**4. Regional Director of the LIDB**

Plaintiff claims that the Regional Director of the LIDB failed "to enforce board rules" and failed to investigate complaints about Sampson. He faults the Regional Director for failing to respond to his letters, in which he complained about Sampson's alleged misconduct and threat. He asks the Court to order the Regional Director to effectively investigate all complaints against public defenders and to issue written investigation and disciplinary reports.

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "'[A] plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation.'" *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (quoting *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003)).

Plaintiff does not plausibly allege that the Regional Director affirmatively participated in any act that caused a constitutional deprivation or that there was a sufficient causal connection between the Regional Director's conduct and any alleged constitutional violation.[6] While

---

[6] *See Dedrick v. Richards*, 47 F.3d 425 (5th Cir. 1995) ("An official who is sued in her individual capacity cannot be liable under § 1983 on the theory of *respondeat superior;* to be liable she must have been personally involved in the plaintiff's injury."); *Salcido v. Univ. of S. Mississippi*, 557 F. App'x 289, 292 (5th Cir. 2014) ("To make out a § 1983 claim against the Defendants in their individual capacities, Salcido must show that they were either personally involved in the constitutional violations alleged or that their wrongful actions were causally connected to the constitutional deprivation.").

Plaintiff alleges that the Regional Director Failed "to enforce board rules" and failed to investigate complaints about Sampson, he does not allege that the Regional Director was involved in—or caused—either Sampson's actions or any constitutional violation.[7]

Instead, Plaintiff pleads only vicarious liability. *See Polk Cty. v. Dodson*, 454 U.S. 312 (1981) (finding, where the plaintiff alleged that an Offender Advocate assigned an ineffective appellate counsel and established the rules and procedures for counsel, that plaintiff failed to present a claim because he relied on "a *respondeat superior* theory of liability."); *Walton v. Par. of LaSalle*, 258 F. App'x 633 (5th Cir. 2007) ("The head of the Indigent Defender's Board may not be held liable under § 1983 for appointing counsel to represent Walton.").

Plaintiff does not allege that the Regional Director implemented an unconstitutional policy, practice, custom, or procedure that deprived him of procedural due process. *See Polk Cty.*, 454 U.S. at 326 (finding that an Offender Advocate was not liable based on public defenders seeking to withdraw as appellate counsel for indigent defendants where there was no allegation that any deprivation was caused by a constitutionally forbidden rule or procedure).

Plaintiff does allege that the Regional Director failed to investigate others' complaints about Sampson, but this allegation is conclusory. For example, he does not plausibly allege that any failure to investigate complaints *caused* a constitutional deprivation because he does not specify whether complaints against Sampson occurred before or after Sampson represented him.

---

[7] *See Milam v. City of San Antonio*, 113 F. App'x 622, 628 (5th Cir. 2004) ("[I]it is hard to see how a policymaker's ineffectual or nonexistent response to an incident, which occurs well *after* the fact of the constitutional deprivation, could have *caused* the deprivation."); *see also Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. 2004) ("claims that [] defendants violated [a plaintiff's] constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Robinson v. U.S., Fed. Bureau of Investigation*, 185 F. App'x 347, 348 (5th Cir. 2006) ("The alleged failure to investigate complaints and to take action in response to them does not provide a basis for a civil rights suit.").

More important, he does not detail the nature of the alleged complaints against Sampson—other than stating that others also considered Sampson's actions "unsatisfactory"[8]—and thus does not establish that any complaints were sufficiently similar to his complaint. In turn, he does not plausibly allege that the Regional Director was deliberately indifferent to known or obvious consequences of any failure to supervise Sampson. *See Covington v. City of Madisonville, Texas*, 812 F. App'x 219, 227 (5th Cir. 2020) (finding no failure to supervise because none of the other instances of wrongdoing alleged bore the "necessary similarity" to the misconduct the plaintiff experienced).

Finally, Plaintiff claims that the Regional Director breached two state statutes, which Plaintiff refers to as "board rules." [doc. # 5-1, pp. 5-6]. These claims are not cognizable under Section 1983: "[A] 1983 violation of a state statute alone is not cognizable under § 1983 because § is only a remedy for violations of federal statutory and constitutional rights." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

Accordingly, the Court should dismiss Plaintiff's claims against the Regional Director.[9]

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Joseph L. Watts's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation

---

[8] [doc. # 16, p. 1].

[9] Even if Plaintiff stated plausible claims against the Regional Director, his claims would be barred under *Heck v. Humphrey,* 512 U.S. 477, (1994), because the claims are premised on the underlying allegation that Sampson provided ineffective assistance of counsel, and a finding in plaintiff's favor on that issue would necessarily imply the invalidity of his conviction.

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of April, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge